UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DEWON MUNSON,

    Petitioner

v.                                                        Case No.:  8:09-cv-696-T-24TGW
                                                                                                       8:05-cr-24-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Michael Dewon Munson's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255 (b).

**I.    Background**

Petitioner was charged with and pled guilty to distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 1). Petitioner's written plea agreement contained an appeal waiver clause and a factual basis for the charge to which Petitioner pled guilty. (Doc. No. 39.) On December 21, 2005, Petitioner was sentenced to 140 months imprisonment on Count 1, and the judgment was entered against him on that date. (Doc. No. 62.)

## II.  Discussion

Petitioner asserts several grounds in support of his contention that he is entitled to relief under § 2255.  However, because his motion is untimely, the motion is denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).  Petitioner did not appeal his conviction.  His conviction became final when the time for filing an appeal expired.  *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket.  Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6).  Therefore, Petitioner's conviction became final on January 6, 2006.

Petitioner had one year from January 6, 2006 in which to file his § 2255 motion.  Petitioner, however, did not file his motion until April 9th, 2009.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).  The motion is therefore time barred unless Petitioner can show that he was prevented from filing a timely petition because of

extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner contends that a substantive change in the law occurred with the U.S. Supreme Court's April 16, 2008 decision in *Begay v. United States*, __ U.S.__, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), and therefore, his motion has been timely filed under 28 U.S.C. § 2255(f)(3).

In *Begay*, the Supreme Court established a new standard for determining whether a prior conviction qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Under that new standard, the Court held that the crime of driving under the influence of alcohol was not a violent felony. 128 S. Ct. at 1583. Applying the *Begay* analysis, the Eleventh Circuit held in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), that the crime of carrying a concealed firearm is not a "crime of violence" for purposes of the career offender enhancement. Here, however, Petitioner was sentenced as a career offender based on his prior convictions for burglary of a dwelling and for attempted sale of cocaine within 1000 feet of a church. Neither *Begay* nor *Archer* changes the fact that these crimes still qualify as predicate offenses for purposes of the career offender enhancement. In any event, the Court is doubtful that *Begay* and *Archer* apply retroactively to post-conviction relief motions.

Petitioner also contends that his petition is timely because he is actually innocent of being a career offender in that he pled guilty to burglary of a conveyance–not burglary of a dwelling-- and that burglary of a conveyance does not qualify as a crime of violence which would subject him to career offender treatment. The Court, however, rejects this argument because, the Pre-sentence Report and even the documentation supplied by Petitioner as an

attachment to his §2255 motion clearly state Petitioner pled guilty to a lesser offense of burglary of a dwelling (reduced from armed burglary of a dwelling) on September 5, 1997. This crime is a second degree felony, and still constitutes a crime of violence, and therefore qualifies as predicate offense for career offender status. Moreover, even if true, Petitioner's revelation that, in 1997, he pled guilty to burglary of a conveyance is a fact that could have been discovered with due diligence before his sentencing and certainly within one year after he was sentenced.

### III. Conclusion

Accordingly, Petitioner's § 2255 motion to vacate is **DENIED** as time barred. The Clerk is directed to enter judgment against Petitioner in the civil case and to close this case**.**

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 11TH day of May, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner